O.Kuy, J.
1. Where an insurance company has refused to receive from the assured the amount of a premium on a life policy, basing such refusal on the ground that the policy had lapsed by non-payment of such premium at the time stipulated for its payment, the assured, if the refusal is wrongful, has an election of remedies. He may tender the premiums as they become due till the policy is payable, and then recover the amount of the policy in an action thereon. He may, in an action for the rescission of the contract, recover back the premiums paid, with interest. Or he may maintain an action to obtain a judgment that the policy shall be continued in force. Union Gen. L. Ins. Co. v. Pottker, 4 Am. L. Rec. 111; s. c., 33 Ohio St. 459 ; Meyer v. Knickerbocker L. Ins. Co., 73 N. Y. 516 ; Day v. Conn. Gen. L. Ins. Co., 45 Conn. 480; May on Ins. § 356 et seq_. The latter course was adopted here, " and the propriety of pursuing it, where it is desired that the policy shall be continued in force, is obvious. The witnesses to prove there had been no forfeiture may die before the insured, and the insured himself may be an important witness on the question of forfeiture; and besides, insurance in another company may be desired, in case it is determined that the. policy is not in force.
2. Finding that equity has jurisdiction, the question is whether a case for relief is presented. The defendant is a foreign corporation, and the insured a resident of this state, and the premiums were all paid at Cincinnati, to an agent of *244 the company residing there. This agent was required to and did countersign the receipts which had been furnished by the company, on payment of the premiums to him. Conditions uopn those receipts show that, notwithstanding the language of the policy, payment after the days on which premiums fell due, was contemplated, for they provide that such premiums shall not be received after the days named for their payment, unless the insured is in good health, and as good a risk as when the policy was issued. Premiums had been repeatedly, and without objection, received by such agent after the days specified for their payment, and no one of the last eight premiums had been paid until it was overdue — in some instances,' a week or more. This was done in the exercise of the power to receive premiums after the specified days, where the risk had not been increased by any change in the health or condition of the insured; and it is clear that there had been no such change in the insured’s health or condition-on December, 31, 1880, when the premium, falling due December 19, 1880, was tendered. No notice had been given to the insured or assured of any purpose on the part of the company to change the practice which had prevailed between the parties as to the times of paying premiums on this policy ; no part of the sums which had been received on overdue premiums was ever returned ; and it is clear that there was no intention on the part of the insured or the assured to abandon the insurance or evade the payment of any premium. In our opinion, it would be unwarranted, and indeed plainly unjust, looking to the character of the agency, the course of business as to this policy,' and other matters mentioned in the statement of the case, to permit the company to assert such forfeiture. We think the court of common pleas did not err in granting the relief which was asked for by the beneficiaries, and the district court properly affirmed the judgment; and in so holding we are fully supported by Union Central L. Ins. Co. v. Pottker, supra; Phoenix Ins. Co. v. Doster, 106 U. S. 30; Germania Life Ins. Co. v. Rudwig (Ky. Ct. of Appeals, 1882), 11 Ins. L. Jour. 603 ; May on Ins. § 361.

Motion overruled.